*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CARTER WILLIAMS,

        Plaintiff-Appellant,

v

CITY OF HARBOR SPRINGS,

        Defendant-Appellee,

and

IRISH BOAT SHOP,

        Intervening Defendant-Appellee.

UNPUBLISHED
November 9, 2021

No. 350552
Emmet Circuit Court
LC No. 19-106570-AA

Before: BORRELLO, P.J., and BECKERING and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Carter Williams, appeals by leave granted the circuit court order dismissing as untimely his claim of appeal from the decision of the Harbor Springs Zoning Board of Appeals (ZBA). Because a circuit court lacks jurisdiction to hear an untimely appeal from a ZBA, we affirm.

## I. BACKGROUND

In January 2019, the Harbor Springs Planning Commission approved a site plan submitted by Irish Boat Shop (IBS) for the construction of a new building on its property across the street from Williams's residence. It is undisputed that the new building would affect Williams's waterfront views from his home. Williams promptly appealed the Planning Commission's decision to the ZBA. Thereafter, Williams, IBS, and the Planning Commission were each provided an opportunity to submit information for consideration by the ZBA.

On May 8, 2019, the ZBA concluded that Williams was not an aggrieved party for the purposes of an appeal. On May 15, 2019, the ZBA held a special meeting to approve the minutes from the May 8, 2019 meeting and issued a decision and order denying Williams's appeal. Copies

of the ZBA's decision and the approved meeting minutes were provided to Williams's attorney the following day.

On May 31, 2019, Williams's attorney sent City Attorney James Ramer an e-mail stating:

Thanks for sending over the additional foia [sic] materials. At this point, it's my understanding that the decision and order from the l5th marks the trigger for the 30 day [sic] period to file a claim of appeal (i.e., the ZBA has not yet approved the May 8, 2019 minutes - the city website indicates the next meeting is 6-12). Is that your understanding?

Ramer replied, "Steve, yes 30 days from May 15, 2019."

On June 10, 2019, Williams filed a claim of appeal from the ZBA's decision with the circuit court. Shortly thereafter, IBS filed a motion to intervene and to strike Williams's claim of appeal as untimely. Ramer acknowledged that he had provided Williams's attorney "inaccurate information/opinion" regarding the deadline for filing an appeal based on his mistaken understanding of the applicable statute and lack of awareness that the statute had been amended in 2010. Thereafter, Williams suggested that the May 15, 2019 meeting had been invalidly held, arguing that the City had violated the Open Meetings Act (OMA), MCL 15.261 *et seq*., and Freedom of Information Act (FOIA), MCL 15.231 *et seq.*

The circuit court held a hearing to address all the filed motions. The circuit court first concluded that IBS had a property interest that could be impeded or impaired, and that its interest was "not so aligned that it [was] adequately represented by the City." The circuit court also heard argument regarding the timeliness of Williams's claim and considered whether it could grant leave to appeal to address the merits of the case. The circuit court ultimately concluded that it did not have authority to consider a delayed application and "reluctantly" dismissed the appeal as untimely.

Williams now appeals the decision of the circuit court by leave granted. *Williams v Harbor Springs*, unpublished order of the Court of Appeals, entered February 3, 2020 (Docket No. 350552). We held this case in abeyance pending this Court's decision in *Williams v Harbor Springs*, unpublished per curiam opinion of the Court of Appeals, issued August 26, 2021 (Docket No. 354207). The *Williams* Court addressed Williams's claim that Harbor Springs failed to comply with the OMA and the FOIA related to the same proceedings at issue in this case. *Id*. at 1-4. The *Williams* Court concluded that Harbor Springs did comply with those statutes and that the trial court correctly granted summary disposition to Harbor Springs. *Id*. at 1, 7-9. We now consider Williams's appeal in this case in light of this Court's decision in *Williams*.

## II. ANALYSIS

Williams argues that the circuit court erred by dismissing his appeal for lack of jurisdiction. "This Court reviews de novo the circuit court's decision in an appeal from a zoning board, while giving great deference to the trial court and zoning board's findings." *Risko v Grand Haven Charter Twp Zoning Bd of Appeals*, 284 Mich App 453, 458; 773 NW2d 730 (2009) (cleaned up).

Likewise, this Court reviews de novo challenges to a circuit court's determination regarding jurisdiction. See *Petersen Fin LLC v Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018).

On appeal, a circuit court may "affirm, reverse, or modify the decision of the zoning board of appeals," or it "may make other orders as justice requires." MCL 125.3606(4). As relevant to this case, however, a circuit court lacks jurisdiction to hear an untimely appeal from a ZBA. *Quality Market v Detroit Bd of Zoning Appeals*, 331 Mich App 388, 393; 952 NW2d 603 (2020).

MCL 125.3606(3) governs the time frame for filing an appeal and provides:

> (3) An appeal from a decision of a zoning board of appeals shall be filed within whichever of the following deadlines comes first:

> (a) Thirty days after the zoning board of appeals issues its decision in writing signed by the chairperson, if there is a chairperson, or signed by the members of the zoning board of appeals, if there is no chairperson.

> (b) Twenty-one days after the zoning board of appeals approves the minutes of its decision.

In this case, it is undisputed that Williams missed the filing deadline. The ZBA approved the minutes of its May 8, 2019 decision on May 15, 2019. As explained in *Williams*, unpub op at 4-8, the ZBA complied with the OMA when doing so. The parties previously litigated that issue in *Williams* and, therefore, are bound by that decision due to res judicata. See, e.g., *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). Consequently, we will not address the issue further and rely on the *Williams* Court's determination that the ZBA complied with the OMA. Thus, under MCL 125.3606(3)(b), the May 15, 2019 approval started the 21-day clock to file an appeal, resulting in a filing deadline of June 5, 2019. Williams did not file his claim of appeal in the circuit court until June 10, 2019. His appeal was therefore untimely.

Nonetheless, Williams argues that he should have been able to rely on Ramer's e-mail confirmation that a 30-day time line applied for filing the appeal.[1] Williams argues that given the misleading information he received, the circuit court erred by dismissing his appeal. This Court has already rejected a similar argument in *Quality Market*, 331 Mich App 388. In that case, the Wayne County ZBA denied a petition for a liquor license at one of its scheduled meetings. *Id*. at 391. The following week, the ZBA approved the minutes of that meeting. *Id*. Over two weeks later, the ZBA issued a written decision for its denial. *Id*. That written decision stated, in part: "An appeal from a decision of the Board shall be filed within 30 days after the Board issues its decision in writing signed by the chairperson." *Id*. at 392. The petitioner for the liquor license relied on the last paragraph of the written decision and missed the 21-day filing deadline. *Id*. at 392, 394. The ZBA moved to dismiss the untimely claim, but the circuit court denied the motion,

---

[1] There is nothing in the record to support a conclusion that Ramer's erroneous information about the filing deadline was nefarious. In any event, Williams could have independently verified the statutory requirement for a timely appeal.

stating that "even if it granted the [ZBA's] motion to dismiss, counsel for Quality Market would just file a delayed application for leave to appeal," and opining that "denying the motion to dismiss was the most efficient way to get the merits of the issues before the court." *Id*. at 392. The ZBA appealed. *Id*.

Before this Court, the property owner argued "that the ZBA's wording of the written decision was misleading about the time for an appeal, and, therefore, the ZBA should be estopped from arguing that Quality Market's appeal was untimely." *Id*. at 394. This Court rejected that argument, concluding that "the time limit for an appeal to the circuit court is jurisdictional," and that "[s]ubject-matter jurisdiction may not be conferred on a court by the actions of the parties." *Id*. at 394-395. Moreover, this Court concluded that "MCL 125.3606(3) does not authorize an appeal by leave granted or a late appeal" to the circuit court from a decision of a ZBA. *Id*. at 395.

Regardless of the reason behind Williams's untimely filing, the circuit court lacked jurisdiction to address the merits of his appeal. Accordingly, we conclude that the circuit court did not err by dismissing Williams's appeal. In light of this conclusion, we need not address plaintiff's remaining arguments on appeal.

### III. CONCLUSION

For the reasons stated in this opinion, the trial court's order dismissing Williams's complaint for lack of jurisdiction is affirmed.

/s/ Stephen L. Borrello
/s/ Jane M. Beckering
/s/ Brock A. Swartzle